IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03289-REB-MJW

DAVID YORK,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
MANPOWER, INC.,
THE MANPOWER INC. SHORT-TERM DISABILITY PLAN, and
THE LONG TERM DISABILITY COVERAGE FOR ALL FULL-TIME EMPLOYEES
OTHER THAN PROFESSIONAL CONSULTANTS AND WAGEMASTERS PLAN,

Defendants.

### ORDER ON
### MOTION TO CLARIFY PLAINTIFF'S RIGHT TO CONDUCT DISCOVERY
### (Docket No. 35)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 6) issued by Judge Robert E. Blackburn on December 9, 2013.

Now before the court is the Motion to Clarify Plaintiff's Right to Conduct Discovery (Docket No. 35) filed on March 24, 2014.  The court has carefully considered the subject motion (Docket No. 35), defendant Prudential's response (Docket No. 37), and plaintiff's reply (Docket No. 39).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

**I. Background**

Plaintiff David York filed this matter seeking to recover short-term disability ("STD") and long-term disability ("LTD) benefits pursuant to a policy sponsored by his former employer defendant Manpower, Inc (the "Plan").  Defendant Prudential provides administrative services for the STD portion of the Plan, acting as a claims administrator for those benefits.  Furthermore, Prudential insures LTD benefits and acts as a claims administrator for the LTD claims under the Plan.  Plaintiff's STD benefits were terminated and his claim for LTD benefits was denied.  Plaintiff exhausted his administrative remedies then filed his complaint in this matter.

The Scheduling Order (Docket No. 33) in this matter set forth a March 24, 2014 deadline for plaintiff to file a motion seeking discovery.  In the subject motion, plaintiff seeks to supplement the Administrative Record with limited discovery as to the following issues: (1) information regarding the claims analysts who were involved in the claims determination for Prudential, including any financial incentives they may have; (2) information regarding the physicians hired to review the claims on behalf of Prudential; (3) policies and procedures maintained by Prudential with respect to the appropriate handling of disability claims; and (4) completeness of the produced ERISA record. Docket No. 35, at 7.

Plaintiff seeks 17 interrogatories, 24 requests for production of documents, and 5 requests for admission from Prudential.  See Docket No. 35-1.  Plaintiff seeks 12 interrogatories, 4 requests for production of documents, and 6 requests for admission from Manpower.  See Docket No. 35-2.  In addition, plaintiff seeks to conduct several depositions

Defendants oppose the requested discovery.  Defendants argue plaintiff's requests do not fall within the "conflict of interest" and "procedural irregularities" exceptions established by the Tenth Circuit.  Furthermore, defendants argue the requests are overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

## II. Analysis

The denial of benefits to plaintiff is subject to deferential review by the district court under an arbitrary and capricious standard.  Under this standard of review, a plan administrator's decision will be upheld so long as it has a reasoned basis.  <u>Adamson v. Unum Life Ins. Co. of America</u>, 455 F.3d 1209, 1212 (10th Cir. 2006).  "Indicia of arbitrary and capricious actions include a lack of substantial evidence, a mistake of law, and bad faith."  <u>Buchanan v. Reliance Standard Life Ins. Co.</u>, 5 F. Supp. 2d 1172, 1180 (D. Kan.1998).  The Tenth Circuit, like a majority of other courts, has held that "[i]n determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision."  <u>Sandoval v. Aetna Life & Cas. Ins. Co.</u>, 967 F.2d 377, 380 (10th Cir. 1992); <u>see also</u> <u>Hall v. Unum Life Ins. Co. of Am.</u>, 300 F.3d 1197, 1201 (10th Cir. 2002); <u>Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan</u>, 195 F.3d 975, 981 (7th Cir. 1999); <u>Miller v. United Welfare Fund</u>, 72 F.3d 1066, 1071 (2d Cir. 1995).  However, in <u>Metropolitan Life Ins. Co. v. Glenn</u>, 554 U.S. 105 (2008), the Supreme Court recognized that when an insurer "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket . . . [it] creates a conflict of interest."  <u>Id.</u> at 108.  Therefore, "a reviewing court should

4

consider whether the plan administrator has abused its discretion in denying benefits; and . . . the significance of the factor will depend upon the circumstances of the particular case." Id. The plaintiff has the burden of demonstrating a conflict of interest. Fought v. Unum Life Ins. Co. of America, 379 F.3d 997, 1005 (10th Cir. 2004).

In accord with Glenn, courts in this district and elsewhere have allowed limited discovery related to the conflict of interest issue. See Calvert v. Firstar Finance, Inc., 409 F.3d 286, 293 n.2 (6th Cir. 2005) (recognizing that bias on the part of the administrator may be grounds for allowing discovery); Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 520 (1st Cir. 2005) (finding that "evidence outside the administrative record might be relevant to a claim of personal bias by a plan administrator"); Dubrovin v. Ball Corp. Consolidated Welfare Benefit Plan for Employees, 626 F. Supp. 2d 1099, 1104-05 (D. Colo. 2008) (limited discovery related to possible conflict permitted); Kohut v. Hartford Life and Accident Ins. Co., No. 08-cv-00669-CMA-MJW, 2008 WL 5246163, at *12 (D. Colo. Dec. 16, 2008) (discovery allowed because conflict of interest may not appear on face of administrative record); Paul v. Hartford Life and Accident Ins. Co., No. 08-cv-00890-REB-MEH, 2008 WL 2945607, at *2 (D. Colo. July 28, 2008) (collecting cases). Evidence of a conflict of interest may appear on the face of the Plan, by evidence of improper incentives, or through proof of a pattern or practice of unreasonably denying meritorious claims. Glenn, 554 U.S. at 123 (Roberts, J., concurring).

Based on the above legal principles, the court finds that the burden of proof placed on plaintiff by the Tenth Circuit itself justifies limited discovery in this case. A conflict of interest may exist on the part of defendants, and plaintiff should be allowed to

discover the scope of that conflict in an attempt to meet his burden.  Thus, while it would not be proper to allow plaintiff to conduct discovery directed to the factual merits of his claim, this court will permit limited discovery related to the alleged conflict of interest in this case and to the policies and procedures used by Prudential to make its decision.

Plaintiff may propound the following discovery requests to Prudential (from Docket No. 35-1):

Interrogatory Nos. 1, 2, 3, 4, 6, 8, 10, 11, 14, 15, and 16, in full.

Request for Production of Documents Nos. 1, 2, 5, 21, and 22, in full.  Request for Production of Documents Nos. 7, 10, 11, 12, and 14, but only to the extent the request calls for items, documents, or other information which were involved in, or relevant to, the handling of plaintiff's claim.

Request for Admissions No. 1.

Plaintiff may propound the following discovery requests to Manpower (from Docket No. 35-2):

Interrogatory Nos. 1, 2, 5, 6, 7, and 10, in full.

Request for Production of Documents No. 4, in full.

Request for Admissions Nos. 1, 3, and 4, in full.

All other discovery requests directed at Prudential and Manpower are denied as overbroad, irrelevant and/or improperly seeking discovery into the merits of the claim.

Finally, at this juncture, the court is not prepared to find that depositions are necessary, or that the cost of those depositions would be proportionate to the needs of the case or the issues at stake in the litigation.  Plaintiff may move for leave to take depositions only upon a showing of good cause consistent with the factors set forth in

6

Rule 26(b)(2)(C).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Clarify Plaintiff's Right to Conduct Discovery (Docket No. 35) is **GRANTED IN PART** and **DENIED IN PART** as outlined above**.**  Each party shall bear its own costs and fees as to the subject motion.  Defendants shall respond to the requests so ordered on or before June 3, 2014.

Date:  May 12, 2014                                    s/ Michael J. Watanabe
          Denver, Colorado                              Michael J. Watanabe
                                                                    United States Magistrate Judge